# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ELIZABETH FERRER CRESPO**  **Plaintiff**  VS  **VETERANS ADMINISTRATION CARIBBEAN HEALTH SYSTEM, JOHN DOE, JANE DOE, RICHARD ROE, INSURANCE COMPANY X,Y,Z**  **Defendants** | **CIVIL NO.:**  **CIVIL ACTION**  **PLAINTIFF DEMANDS TRIAL BY JURY** |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** the plaintiffs through their undersigned attorneys and respectfully **STATES** and **PRAYS:**

### I. JURISDICTION AND VENUE

1. This Honorable Court has jurisdiction over the instant case pursuant to 28 U.S.C. Sec. 1346 and 171 since it involves the United States Government a federal agency, and because the amount in controversy, exclusive of interests and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000).

2. The proper venue lies in this Court pursuant to 28 U.S.C. 1391 (a) since the facts that caused the damages alleged herein occurred within this district.

3. On February 22, 2021, plaintiff presented his claim, pursuant the Federal Tort Claim Act, by filling Standard Form 95 with the Veterans Administration (VA) Caribbean Health System.

## II.  THE PARTIES

1. Elizabeth Ferrer Crespo (Ferrer) a natural person of legal age, female, married, citizen of the United States of America and is domiciled in Calle Manzano 1803, Isabela, Puerto Rico 00662.

2. The VA Caribbean Health System is a government agency or entity with the capacity to sue and be sued. It is the owner or lessor of the place where the accident took place and who has jurisdiction, control and duty over the area where the accident took place.  It is principally and directly responsible for the damages caused to plaintiffs.

3. John Doe, Jane Doe and Richard Roe are fictious names (for lack of information as to their real identities) of unknown name that may be responsible for plaintiffs' damages. It is a corporation or entity with the capacity to sue and be sued duly organized under the laws of the Commonwealth of Puerto Rico and/or another state, authorized to do business within the jurisdiction of Puerto Rico and/or another jurisdiction. It is the owner or lessor of the place where the accident took place and who has jurisdiction, control and duty over the area where the accident took place.  It is principally and directly responsible for the damages caused to plaintiffs.

4. X Insurance, Co. is a casualty and/or liability insurance company authorized to underwrite policies of insurance in the Commonwealth of Puerto Rico, which at the time of the accident described below had public liability insurance policies issued and outstanding on behalf of one or some co-defendant. It is denominated in this Complaint with a fictitious name because its real name is presently unknown to plaintiff.

5. Y Insurance, Co. is a casualty and/or liability insurance company authorized to underwrite policies of insurance in the Commonwealth of Puerto Rico, which at the time of the accident described below had public liability insurance policies issued and outstanding on behalf of one or some co-defendant. It is denominated in this Complaint with a fictitious name because its real name is presently unknown to plaintiff.

6. Z Insurance, Co. is a casualty and/or liability insurance company authorized to underwrite policies of insurance in the Commonwealth of Puerto Rico, which at the time of the accident described below had public liability insurance policies issued and outstanding on behalf of one or some co-defendant. It is denominated in this Complaint with a fictitious name because its real name is presently unknown to plaintiff.

### III. FACTUAL ALLEGATIONS AND NEGLIGENCE

7. On February 26, 2019, on or about 7:30 a.m., Ferrer was on the second floor at the Veterans Hospital in San Juan Puerto Rico. While she was walking in front of the gastroenterology counter que fell.

8. Her fall occurred because the floor was sticky making her shoe to get stuck causing her to lose her balance and falling on the floor.

9. The negligence of the defendants consisted in the fact that the floor had a substance or treatment that make it sticky causing difficulty to the people to walk thru it and there was no warning, sign or warning about the dangerous condition, causing the accident of the plaintiff.

10. That the damages suffered by plaintiff was due to the existence of such dangerous condition and they were known to the co-defendants or their knowledge could be imputed to them.

11. Plaintiff Ferrer suffered injuries in her chest, rib fracture and trauma on her hands and knees.

12. Plaintiff Ferrer received medical treatment for her injuries.

### IV. THE DAMAGES

13. The physical damages suffered by plaintiff should be compensated in the amount of no less than 55,000.00

14. The suffering and mental anguish suffered by plaintiff Ferrer as a consequence of the physical damages mentioned should be compensated in the amount of no less than $20,000.00.

15. Plaintiff's demands trial by jury.

**WHEREFORE** plaintiff demands judgment in her favor and against defendants, jointly and severally, awarding plaintiff the amount of $75,000.00, interest from the date of filing of the present complaint, the costs and expenses of this litigation plus a reasonable amount for attorneys' fees.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, on February 26, 2021.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the attorneys of record.

**/s/ CRISTINA ALCARAZ EMMANUELLI, ESQ.**
USDC-PR NO. 221505
URB. CROWN HILLS
138 AVE. WINSTON CHURCHILL PMB 914
EL SENORIAL MAIL STATION
SAN JUAN, PR 00926-6013
TEL. (787) 764-8540 – 758-3575
FAX (787) 767-4926
E-MAIL: alcaraz@olmedolawpsc.com
　　　　　cristinaalcaraz2011@gmail.com